# PENNSYLVANIA RULES FOR CONTINUING JUDICIAL EDUCATION

Rule 101. Title and Citation
Rule 102. General

Rule 201. Continuing Judicial Education Board of Judges
Rule 202. Composition and Terms of the Board
Rule 203. Compensation, Expenses, and Immunity
Rule 204. Powers and Duties of the Board
Rule 205. Quorum and Votes
Rule 206. Confidentiality

Rule 301. Continuing Judicial Education Requirement
Rule 302. Course Attendance and Alternatives
Rule 303. Standards for Approved Courses or Activities
Rule 304. Course Accreditation Standards
Rule 305. Alternative Education Activity Accreditation Standards
Rule 306. Credit for Courses or Activities
Rule 307. Courses by the Judicial Education Department
Rule 308. Teaching for CJE Credits

Rule 401. Accredited Providers
Rule 402. Evaluations
Rule 403. Revocation or Non-Renewal of Accredited Provider Status
Rule 404. Approval of Courses or Activities Conducted by Non-Accredited Providers

Rule 501. Deferrals, Waivers, and Special Status

Rule 601. Continuing Judicial Education Reporting Responsibilities
Rule 602. Reporting of Courses or Activities
Rule 603. Annual Compliance Reporting
Rule 604. Noncompliance and Compliance Disputes: Judges
Rule 605. Hearings

**Rule 101. Title and Citation**

These Rules shall be known as the Pennsylvania Continuing Judicial Education Rules ("Rules") and may be cited as "Pa.C.J.E. Rule＿＿＿."

**Rule 102. General**

(a) **Purpose.** The public properly expects that judges will maintain professional competence and ethical behavior. These rules are intended to meet the public's expectations by promulgating mandatory continuing education requirements for Pennsylvania judges.

The continuing judicial education program is adopted to assure that judges continue their education to have and maintain the requisite knowledge and skill to fulfill their judicial responsibilities. To satisfy this requirement, judges must participate in continuing judicial education programs or activities that reinforce and enhance their judicial practice.

*Comment: See* Supreme Court Order of December 9, 2016, No. 719 Supreme Court Rules Docket.

(b) **Scope.** Justices of the Supreme Court of Pennsylvania, and judges of the Commonwealth Court of Pennsylvania, the Superior Court of Pennsylvania, the Courts of Common Pleas, and Philadelphia Municipal Court, and certified senior judges of these courts, must complete a program of continuing judicial education as of January 1, 2017 and thereafter. All exceptions and exemptions from this requirement must have the approval of the Continuing Judicial Education Board of Judges ("Board").

(c) **Definitions.** Subject to any definitions contained in subsequent rules, the following words and phrases, when used in these rules, shall have, unless the context clearly indicates otherwise, the following meanings:

**"Accredited Provider."** A provider of continuing judicial education that has been approved to provide judicial education courses or activities for judicial education credit in accordance with these rules.

**"Alternative Education Activity."** A nontraditional continuing education program or activity.

**"Applicant."** A non-accredited provider or a provider who has lost accreditation.

**"Board."** The Continuing Judicial Education Board of Judges established by the Supreme Court's Order of December 9, 2016.

**"CJE."** Continuing judicial education to be provided under these rules.

**"Department."** The Judicial Education Department of the Administrative Office of Pennsylvania Courts.

**"Distance Education."** Education that is delivered remotely.

**"Judge."** A commissioned jurist in the Commonwealth's Unified Judicial System who is a justice of the Supreme Court of Pennsylvania, a judge of the Superior Court of Pennsylvania, a judge of the Commonwealth Court of Pennsylvania, a judge of a Court of Common Pleas, or a judge of the Philadelphia Municipal Court. The term also includes judges serving on the aforementioned courts in senior status pursuant to Pa. R.J.A. No. 701.

**"Judicial Education."** Includes topics of study that encompass substantive and procedural law and judicial ethics, as well as topics to enhance judicial skills, including, but not limited to, case management, legal writing, legal history, philosophy of law, and the physical and social sciences.

**"Judicial Practice."** Includes, but is not limited to, a judge's knowledge, competence, and proficiency in the areas of substantive law, procedural law, judicial ethics, and judicial procedures.

**"Provider."** A person or entity that delivers continuing judicial education under these rules.

**"Supreme Court."** The Supreme Court of Pennsylvania.

## Rule 201. Continuing Judicial Education Board of Judges

(a) The Continuing Judicial Education Board of Judges ("Board") is that body first established by the Supreme Court under its Order of December 9, 2016, No. 719 Supreme Court Rules Docket, and as hereinafter continuing under these rules.

(b) The primary purpose of the Board is to guide the development and delivery of continuing judicial education to judges serving the Commonwealth's Unified Judicial System.

## Rule 202. Composition and Terms of the Board

(a) The Board shall consist of twelve (12) members appointed by the Supreme Court. Eight (8) shall be jurists serving one of the Commonwealth's courts governed by these rules.

(b) The Supreme Court shall appoint from the members of the Board a chair and a vice chair. The Board may designate such other officers and form such other committees as it deems appropriate.

(c) The terms of the first Board shall be staggered so that four (4) members shall be appointed for three (3) year terms, four (4) members for two (2) year terms, and four (4) members for one (1) year terms.

(d) The regular term of members of the Board shall be for three (3) years, and no member may serve for more than two (2) consecutive three (3) year terms.

**Rule 203.  Compensation, Expenses, and Immunity**

(a) Board members shall receive no compensation for services provided under these rules, but they shall be reimbursed by the Board for their reasonable and necessary expenses in attendance at meetings and in otherwise fulfilling their responsibilities.

(b) The Board, and its members, employees and agents are immune from all civil liability for conduct and communications occurring in the performance of their official duties relating to the administration of the continuing judicial education requirements.

**Rule 204.  Powers and Duties of the Board**

The Board is authorized:

(a) To administer these rules, and to act as ordered, directed, or requested by the Supreme Court;

(b) to adopt and administer Regulations and procedures consistent with these rules;

(c) to accredit providers of CJE;

(d) to approve CJE credits;

(e) to audit, examine, inspect, and review the operations of providers, including instructors, classes, curricula, teaching materials and facilities, to assure compliance with these rules;

(f) to determine if judges are in compliance with these rules and to hear appeals from determinations of noncompliance;

(g) to hear and decide requests from judges for waivers, extensions, or deferments from the requirements set forth in these rules;

(h) to extend any time period prescribed in these rules;

(i) to undertake all reasonable action to implement these rules;

(j) to delegate to the Department or Board staff ministerial functions as necessary and appropriate to administer these rules; and

(k) to vote upon all matters requiring action by the Board.  The manner of making and debating motions and determining the votes necessary for Board action, shall be decided by the Chair, unless overridden by a majority of the members that constitute a quorum.

**Rule 205.  Quorum and Votes**

A minimum of seven (7) Board members participating in a meeting shall constitute a quorum. The Board shall act only with a majority of those participating, but no less than five (5). A quorum may be established with the participation of members by teleconference. The Board may adopt rules providing for the holding of teleconference  meetings.

**Rule 206. Confidentiality**

The files, records, and proceedings of the Board shall be deemed confidential and shall only be disclosed:

(a)  1. to the Supreme Court;

   2. in furtherance of the duties of the Board;

   3. upon request of the judge affected;

   4. as they may be introduced in evidence or otherwise produced in proceedings under these rules, or as may be requested by the Judicial Conduct Board; or

   5. as ordered by the Board.

(b) The Board shall submit an annual report to the Supreme Court, providing information on accredited providers, judicial compliance, and other information deemed relevant by the Board or as directed by the Supreme Court.

(c) All documents or information deemed confidential under the Case Records Public Access Policy of the United Judicial System of Pennsylvania shall not be disclosed, unless as permitted under that policy and these rules.


**Rule 301.  Continuing Judicial Education Requirement**

(a) Each judge shall annually complete a minimum of three (3) hours of continuing education in judicial ethics and a minimum of nine (9) hours of continuing education in judicial practice and related areas as defined by the  Board.

(b) Every newly elected or appointed judge serving the Commonwealth's Courts of Common Pleas and the Philadelphia Municipal Court shall attend New Judge School administered  by  the Department in its entirety at his or her first opportunity.  This requirement shall be in addition to the annual requirements described herein.

**Rule 302.  Course Attendance and Alternatives**

The CJE requirement must be fulfilled by attending the required number of CJE courses delivered by the Supreme Court, accredited providers, approved non-accredited courses, and other teaching or alternative education activities approved by the Board as sufficient to meet the annual CJE requirements.

(a) **Courses Offered by the Department**. Four (4) of the annual credits shall be earned through courses developed by or under the supervision of the Department.

(b) **Teaching or Alternative Education Activity**. Four (4) of the annual credit requirements may be earned through Board-approved teaching or alternative education activities.

(c) **Distance Education.** Four of the annual credit requirements may be earned through approved distance education. Credits earned through courses presented by the Department are not subject to this annual credit limitation.

## Rule 303. Standards for Approved Courses or Activities

(a) It is presumed that all judges are competent with respect to judicial practice. Courses or activities should be designed to enhance a judge's knowledge base.

(b) Continuing judicial education must, to the greatest extent possible, address the distinct educational needs of judges and should ordinarily be delivered to an audience consisting exclusively or primarily of judges.

(c) Applicants seeking approval for CJE credit must be able to demonstrate to the Board how the course or activity enhances a judge's judicial practice through judicial education.

(d) Under limited circumstances, the Board may approve credit for attending a continuing education course or activity intended for both judges and others. However, a provider or judge who seeks approval to designate a continuing education course or activity for CJE credit must be able to satisfy the Board as to (1) how such a course or activity enhances a judge's judicial practice through judicial education, and (2) why the course or activity is an appropriate exception to the general rule that CJE courses should be delivered exclusively or primarily to judges.

## Rule 304. Course Accreditation Standards

(a) Courses offered by an accredited provider shall be eligible for the amount and type of credits as designated by the provider, subject to review by the Board. All other courses will be awarded credit as determined by the Board.

(b) All courses for CJE credit should be designed to enhance a judge's judicial practice through judicial education.

(c) In addition to subsection (b) above, the following standards apply:

    1. The course must be an organized program of learning to deal with matters directly related to subjects which satisfy the objectives of these rules.

6

2.  Each course must be open to all judges thought to be interested in the subject matter. Attendance restrictions will only be permitted by the Board upon application, where:

> i.  the purpose for the attendance restriction is non-discriminatory;
>
> ii.  attendance is restricted on objective criteria for a bona fide educational objective to enhance the course, and
>
> iii.  membership in the provider organization is open to all interested judges, on a reasonable non-discriminatory basis and cost.

3.  The course leaders or lecturers must be qualified with the necessary practical and/or academic experience necessary to conduct the course effectively.

4.  Whenever possible, each attendee shall be provided with thorough, high quality and carefully prepared written course materials prior to or at the time of the course.

5.  The course must be presented in a suitable setting, conducive to a good educational environment, which provides attendees with adequate writing space or surface.

6.  Upon request by the Board, the provider shall submit to the Board information concerning the course, including the brochure describing the course and the qualifications of anticipated speakers, the method or manner of presentation of materials, and, if requested, a set of the materials to be distributed.

7.  Providers must develop and implement methods to evaluate its course offerings to determine their effectiveness and the extent to which they meet the needs of judges and, upon a request from the Board, provide course evaluations by the attendees on such forms as the Board shall approve.

8.  Providers shall take into consideration the special needs of incapacitated persons and persons with disabilities in gaining access to and participation in CJE courses. The Board shall require providers to ensure courses are as reasonably accessible to persons with disabilities as those without disabilities.

9.  Self-study will not be approved for CJE credit.

10.  Subject to the limitation in Rule 302 (c), judges participating in a course via distance education will receive credit if an instructor/moderator is present at the remote site and the audience participating remotely has the ability to interact with presenters at the host facility.

**Rule 305. Alternative Education Activity Accreditation Standards**

(a) Alternative education activities may qualify for credit if they are consistent with the provisions of these rules, and subject to the following specific terms and conditions:

1.  Individual Approval Required. Each alternative education and teaching activity for which CJE credit is sought must be approved by the Board for  credit.

2. Requests for Approval. A judge should request Board approval for alternative education activities or teaching activities sixty (60) days prior to the activity, but in all events a judge must request such approval no more than thirty (30) days after completing the activity in order for the request to be considered.

3. Evaluations. The provisions of Rule 402 regarding evaluations may apply to alternative education activities, if appropriate, as determined by the Board.

(b) In addition to the requirements above, when credit is sought for a law school or graduate level course:

1. The course must otherwise qualify for academic credit by the school.

2. One (1) hour of credit may be given for each approved credit hour awarded by the school.

3. The school offering the course shall be a law school accredited by the American Bar Association or college or university accredited by the Middle States Commission on Higher Education or other regional equivalent.

(c) Additional Information. Upon request by the Board, information shall be submitted to the Board concerning the alternative education activity, including any information describing the alternative education activity and the qualifications of anticipated presenters, the method or  manner  of  presentation  of materials, and, if requested, a set of the materials.

(d) If an alternative education activity, law school, or graduate level course does not bear entirely on judicial ethics and/or judicial practice, or the method of presenting the course is below minimum standards, the Board may determine that such activity is entitled to no credit or may assign such partial credit as it deems  appropriate.

*Comment:*  While it is envisioned that these rules anticipate a formal education setting, it is recognized that education may be obtained in a number of manners and forms. The intent behind this rule is not to limit the form or manner of an education presentation, so long as the objectives to be achieved under this judicial education program are realized.

## Rule 306.  Credit for Courses or Activities

(a)  Credit will be given only for completion of courses or activities which are accredited or approved by the  Board.

(b)  Judges must be physically present at a course or activity to earn credit, unless participating by distance education. Distance education, including, but not limited to, simulcast, computer-based, and teleconference may be approved for credit provided

they meet the interactive and technical requirements of the Board.

(c)  One (1) hour of credit will be awarded for each sixty (60) minutes of substantive programming.

(d) No provider shall schedule a class for less than sixty (60) minutes, but one-half hour credit shall be awarded for attendance of at least thirty (30) minutes but less than sixty (60) minutes beyond the initial sixty (60) minutes. Increments of less than thirty (30) minutes will not be awarded credit. However, single course offerings that span over a number of hours may have credit time aggregated for the purpose of credit calculations, excluding time for breaks.

(e) Carry Forward Credits. A judge may carry forward for one (1) year a balance of credit hours in excess of the current annual requirements, and they shall retain their character as such for that succeeding reporting year.

(f)  Excess Credits for Ethics. Credits for judicial ethics in excess of the annual requirement may be either carried forward to the following year, or applied toward remaining annual CJE requirements, except they may not be substituted for Department-required courses.

(g)  If a course or activity is approved for both substantive and ethics credit, a judge must be present for the entire course to be eligible for the ethics credit.

(h)  Credit will only be given for the first time a course or activity is attended or taught in any compliance year.

*Comment:*  A judge who teaches or attends the same course or activity three (3) times in one compliance year cannot use the second or third time it was taught or attended for credit.

**Rule 307. Courses by the Judicial Education Department**

(a)  Courses offered by the Department shall be designed by or under the supervision of the Department with general oversight by the Board.

(b)  Department courses shall be designed so as to enhance the basic program requirements established under these rules.

(c)  The Department shall ensure that a sufficient number of courses and locations are reasonably available to enable judges to comply with Rule 302(a) (Courses Offered by the Department).

**Rule 308. Teaching for CJE Credits**

(a)  Judges may receive credit for teaching, subject to the following provisions:

> 1. Judges will only receive credit for teaching a course or activity otherwise

approved for credit under these rules and that is designed primarily for other judges.

2. Credit for teaching will be given on the basis of two (2) hours credit for each hour of presentation for the first time credit is sought in any compliance period. Repeat presentations during a compliance period will not be entitled to any further credit. *See* Rule 306(h).

*Comment*: Teaching credits are limited to situations where the judge is teaching primarily to other judges. When this occurs, the judge may be entitled to two credits for every hour of instruction, subject to the limitations herein and in Rule 302(b). Any other teaching, such as to lawyers, law students, etc., may be entitled to credit for attending the course, provided the course is otherwise approved for credit under these rules.

(b)  Teaching completed before adoption of these rules.

Subject to other provisions of these rules, any teaching completed before the effective date of these rules shall be entitled to two hours credit for each hour of presentation where the judge has prepared quality written materials for use in the presentation.

## Rule 401.  Accredited Providers

(a)  The following entities are hereby designated as Accredited Providers:

1.  The AOPC Judicial Education Department.

2.  The Education Committee of the Pennsylvania Conference of State Trial Judges.

3.  The National Judicial College.

(b)  Any entity that institutionally provides education primarily to judges may apply to be recognized as an accredited provider under these rules.

1.  Application may be made for certification as an accredited provider by submitting the appropriate form or documentation to the Department for action by the Board.

2.  Accredited provider status may be granted at the discretion of the Board if:

i.  within the past two (2) years, five (5) separate programs of CJE have been presented that meet the standards of quality set forth in these rules, or

ii.  the Applicant has demonstrated to the Board that the provider has consistently met the standards of quality set forth in these rules.

3.  The Board may require applicants or accredited providers to complete a course of training to obtain or continue the provider's accredited status.

(c)  The grant of certification under subdivision (b) of this rule shall be effective for a period of two (2) years from the date of the grant. The accreditation may be renewed every two (2) years as follows:

    1.  The status as an accredited provider may be renewed by filing an application at least sixty (60) days prior to the end of the provider's current accreditation period.

    2.  The Board shall determine if there are pending or past breaches of these rules, and the Board, at its discretion, may condition renewal upon the provider meeting additional requirements specified by the Board.

    3. In determining if an accredited provider's status should be renewed for an additional two-year period, the Board shall consider:

        (i)  the quality and substance of the programs the accredited provider has presented over the prior two years;

        (ii) the accredited provider's compliance with these rules; and

        (iii) any other information relevant to assessing the accredited provider's commitment to providing the highest quality of judicial education.

    4.  If an application for renewal is timely filed, the accredited provider status shall continue until the Board acts on the application for renewal.

    5.  If an application for renewal is not timely filed before the end of the provider's accreditation period, the provider's accredited status will terminate at the end of the period. Any application received thereafter shall be considered by the Board as an initial application for accredited provider status.

(d)  Accredited providers shall file with the Board an announcement of each CJE activity on a form provided by the Board at least thirty (30) days prior to the presentation of the activity.

## Rule 402.  Evaluations

Accredited providers must utilize participant evaluation methods to determine the effectiveness of offerings and the extent to which they meet the needs of judges and, upon a request from the Board, provide evaluations by the attendees on such forms as the Board shall approve.

## Rule 403. Revocation or Non-Renewal of Accredited Provider Status

(a) Accredited provider status may be revoked by the Board at any time if the provider is out of compliance with these rules or the Board determines that the

content of course material or the quality of the CJE activities or provider's performance does not meet the standards set forth in these rules.

(b)  If an applicant or accredited provider is determined by the Board not to meet, or to be deficient in maintaining, accreditation status such that its application for accreditation approval or renewal is denied or its accreditation status is revoked, the applicant or provider shall be notified in writing by the Board of the nature of such failure or deficiency.

(c) The decision of the Board shall be final.

## Rule 404.  Approval of Courses or Activities Conducted by Non-Accredited Providers

(a) A provider of CJE courses or activities which has not been certified as an accredited provider under these rules may apply for accreditation of a single CJE course or activity on a form provided by the Board. The Board may require submission of a detailed description of the provider, the course or activity, the materials, and the lectures. All courses or activities must be consistent with the provisions of these rules and subject to the following:

1. Individual Approval Required. Each CJE course or activity conducted by a provider which has not been accredited by the Board must be approved by the Board for  credit.

2. Requests for Approval. A judge or provider should request Board approval for CJE courses or activities conducted by a non-accredited provider at least sixty (60) days prior to the course, but in all events a judge or provider must request such approval no more than thirty (30) days after completing the course or activity in order for the request to be considered.

3. Additional Information. Upon request by the Board, additional information shall be provided concerning the provider, the course or activity, and any information describing the course or activity, the qualifications of anticipated presenters, the method or  manner  of  presentation  of materials, and, if requested, a set of the materials.

4. If a course or activity does not bear entirely on judicial ethics and/or judicial practice, or the method of presenting the course or activity is below minimum standards, the Board may determine that such course or activity is entitled to no credit or may assign such partial credit as it deems  appropriate.

(b) Representation that the course or activity has been accredited is prohibited unless prior written approval is granted by the Board.

## Rule 501. Deferrals, Waivers, and Special Status

(a) Deferral.  A "deferral" is an extension of time granted by the Board in which to complete CJE requirements.

12

A deferral of any CJE requirements may be authorized by the Board for good cause shown. The length of any deferral shall be in the Board's sole discretion. In no event, however, may a deferral extend beyond December 31 of the subsequent year to the year in which the deferral was granted. All deferred credits must be completed by expiration of the time granted for deferral. Deferred credits completed in any year subsequent to the year in which the deferral was granted shall be in addition to that subsequent year's annual CJE requirements.

(b) Senior Judges. Judges who are certified for senior status must complete the CJE requirements for each year of certified senior status. Any judge who is not active, but eligible and not yet certified for senior status under Pa.R.J.A. No. 701, shall upon certification for senior status complete the CJE requirements for the year in which certification is granted as follows:

1. if certification occurs between January 1 and March 31: 12 credits; 3 of which must be ethics and 4 of which must be developed by or under the supervision of the Department;

2. if certification occurs between April 1 and June 30: 9 credits, 3 of which must be ethics and 3 of which must be developed by or under the supervision of the Department;

3. if certification occurs between July 1 and August 31: 6 credits; 2 of which must be ethics and 2 of which must be developed by or under the supervision of the Department;

4. if certification occurs after September 1: 3 credits; 1 of which must be ethics. The judge shall have until the end of the first quarter of the following calendar year to complete these three (3) credits.

5. If in a final year of active service, a senior judge does not complete all required CJE requirements, the senior judge shall not be eligible for further judicial service until all credit hours in arrears, in addition to current year requirements for which the senior judge again is to serve, are satisfied. In no event shall a judge be required to complete more than two (2) times the annual requirement for CJE.

*Example*: Judge X has retired from active service and is eligible for senior status. In October of the following year, Judge X is certified as a senior judge but has completed no CJE requirements for that calendar year. Judge X will have until the end of the following year to complete 15 CJE credits (3 for the year certified and 12 for the current year).

(c) Waiver. A "waiver" is a grant by the Board that CJE requirements may be excused. The Board may waive any amount of CJE requirements for a period of not more than one (1) year upon a finding by the Board of:

1. undue hardship, including extraordinary situations that could not reasonably have been anticipated;

13

2.  circumstances beyond the control of the judge that prevent the judge from complying in any reasonable manner with CJE requirements; or

3.  circumstances under which the Board determines a waiver request manifestly demonstrates good cause.

(d)  Judges Leaving Active Service.

1.  General Rule.  All judges must complete the CJE requirements for each year of active service.

2.  Pro Rata Credits.  When a judge leaves active service before the end of a full calendar year, CJE requirements shall be pro-rated as follows:

i. if separation occurs after September 1, 12 credits: 3 of which must be ethics and 4 of which must be developed by or under the supervision of the Department;

ii. if separation occurs between July 1 and August 31: 9 credits, 3 of which must be ethics and 3 of which must be developed by or under the supervision of the Department;

iii. if separation occurs between April 1 and June 30: 6 credits; 2 of which must be ethics and 2 of which must be developed by or under the supervision of the Department;

iv. if separation occurs before March 31, all CJE requirements for that calendar year shall be waived.

3.  Effect on Senior Status:  If a judge leaves active service before completing the CJE requirements as described above, the judge shall not be eligible for certification for senior status until the credits required for the retirement year have been fulfilled.  These credits shall be in addition to the CJE requirements for the year the judge becomes certified for senior service.

*Comment*:  Fulfillment of CJE requirements are required for all years of active judicial service.  Should a retiring judge desire not to complete all CJE requirements in a retiring year, a waiver should be requested from the Board demonstrating good cause for the waiver request.

(e)  Members of the Armed Forces. Compliance with these rules shall be waived for members of the Armed Forces on active duty during the period of their active duty. A judge completing active duty shall notify the Board within thirty (30) days of returning to judicial service. Thereafter, the judge must comply with CJE requirements for the forthcoming year.

**Rule 601.  Continuing Judicial Education Reporting Responsibilities**

Reporting of CJE courses and/or activities on forms acceptable to the Department

shall be the responsibility of the individual judge.

**Rule 602. Reporting of Courses or Activities**

(a) Accredited courses or activities. Credit for accredited courses or activities must be submitted on forms approved by the Board within thirty (30) days of the end of each calendar year in which the course or activity occurred.

(b) Non-accredited courses or activities. Credit for non-accredited courses or activities must be submitted on forms approved by the Board within thirty (30) days of completion of the course or activity.

**Rule 603. Annual Compliance Reporting**

(a) The Board shall ensure that each judge is notified annually of his or her CJE credit status three (3) months prior to the final day of the calendar year, and will ensure a final annual compliance notification is sent to each judge sixty (60) days after the end of each calendar year. The final compliance notification shall include the credit hours earned and reported to the Board during the calendar year, and will note any carry forward credits.

(b) If a judge disagrees with an annual compliance report, the judge shall, within thirty (30) days of the date thereof, notify the Board in writing setting forth the matter in dispute.

(c) Each judge shall maintain records sufficient to establish compliance with the CJE requirement for no less than two (2) years preceding each compliant year, and in the event of a dispute with a final compliance report for two years after the compliance dispute is resolved.

(d) All Board notices which may require an action or response shall be provided in writing to the judge by the Department, and the date of mailing and address where the notice is sent shall be noted in the records of the Department.

**Rule 604. Noncompliance and Compliance Disputes: Judges**

(a)  If, after notification by the Department that a judge has failed to comply with these rules, or is determined to be deficient in his or her CJE requirement, such judge shall be notified in writing by the Board or Department of the nature of such noncompliance, and shall be given one hundred eighty (180) days from the date of the notice to remedy such noncompliance.

(b)  Within one hundred eighty (180) days of a notice of noncompliance, a noncompliant judge must provide evidence of compliance or request a hearing before the Board.

15

(c)  If, in response to a notice of noncompliance, a judge timely files a request for a hearing, the Board shall schedule a hearing pursuant to Rule 605.

(d)  If the Board finds that the judge had reasonable cause for noncompliance, the judge shall have one hundred eighty (180) days from the date of notice of the Board's decision to correct the noncompliance. If compliance is not achieved without good cause shown within such period, the Board shall report the judge and the fact of the judge's noncompliance to the Supreme Court and to the Judicial Conduct Board.

(e) If a judge has been found by the Board to be in noncompliance with these rules, before a judge may be deemed compliant, the judge must have satisfied any prior years of noncompliance, unless any period thereof has been subject to waiver, not to exceed two (2) years worth of credits. Curing noncompliance is in addition to any current year requirements.

(f) Credit hours earned shall first be applied to satisfy the requirements of the compliance period which was the subject of the notice to the judge before any excess credits claimed may be applied to other requirements.

## Rule 605. Hearings

(a) Requests for hearings. All requests for hearings shall be addressed to the Board c/o The Administrative Office of Pennsylvania Courts, Department of Judicial Education, 601 Commonwealth Avenue, Harrisburg, Pennsylvania  17106. All matters shall be heard by the Board, unless in the discretion of the Board Chair, the matter should proceed as otherwise provided in this rule.

(b) In the discretion of the Board's Chair, a matter initially may be assigned to a Board member or panel of Board members for decision. If the hearing is conducted by more than one (1) person, the Chair of the Board shall designate the person who will act as the presiding hearing officer. Within thirty (30) days after the hearing, the member or panel shall submit a recommendation to the Board.

(c)  After receipt of the member or panel's recommendation, the Board shall review the matter based upon the existing record, or in its discretion, conduct such further proceedings as it deems appropriate, or review the matter *de novo.*

(d)  At all hearings, the petitioner shall have the burden of proof of establishing compliance with these rules by a preponderance of the evidence.  Counsel for the Department shall represent the Department it if chooses to participate in any proceeding.

(e)  At the hearing, any party shall have the opportunity to call witnesses, examine and cross-examine witnesses, and to introduce such evidence as is relevant to the proceeding.  Evidence shall be admitted by the Board, and as long as discretion is not abused, the Board shall not be restrained by technical Rules of Evidence.

(f)  All hearings shall be confidential, and shall not be open to the public, except at the request of the judge. Witnesses shall be sworn and a complete electronic record or a transcript shall be made. The presiding hearing officer shall have authority to rule on all motions, objections, and other matters presented.

(g)  In investigations and proceedings under these rules, the Board shall have power to issue subpoenas and cause testimony to be taken under oath before the Board or Board members. All subpoenas shall be issued in the name and under the seal of the Supreme Court and served as provided by the Rules of Civil Procedure. Fees and costs of the subpoenas shall be paid from the funds of the Board or taxed as costs, as determined by the Board.

(h)  The member, panel, or Board, as the case may be, may order the testimony of a witness to be taken by deposition within or without this Commonwealth in the manner prescribed for the taking of depositions in the Rules of Civil Procedure and the depositions may be used to the same extent as permitted under those rules.  Costs for the taking of a deposition shall be paid from the funds of the Board or taxed as costs, as determined by the Board.

(i)  Within a reasonable time after the conclusion of a proceeding, the Board shall issue its decision. A copy of the Board's decision shall be promptly mailed to the judge by the Department.

(j)  If a judge is deemed to be noncompliant, a request for a hearing shall not operate as a stay or supersedeas of any action taken by the Board with respect to the judge's noncompliance, unless upon application and good cause shown, the Board grants a stay or supersedeas of its action.

(k) A judge aggrieved by a Board decision may request reconsideration. There is no right to appeal provided under these rules.